UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BENNETT,<br><br>    Plaintiff,<br><br>    v.<br><br>VIA PATH TECHNOLOGIES, et al.,<br><br>    Defendants. | No. 2:24-cv-0769-TLN-CKD<br><br>ORDER AND<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

      Plaintiff is a county inmate proceeding without counsel in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff requests leave to proceed in forma pauperis.  As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

### I. Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

### II. Motions to Appoint a Guardian Ad Litem

Plaintiff filed two separate motions requesting the appointment of a guardian ad litem ("GAL") to represent him in this proceeding. ECF Nos. 9, 10. In his first motion, plaintiff

2

requests a GAL because of his mental illness and the Department of State Hospitals' confiscation of his legal property. ECF No. 9 at 2. The second motion seeks additional time to complete the in forma pauperis application and indicates that plaintiff has been determined to be incompetent to stand trial. ECF No. 10.

In a civil case, determinations of competency are governed by Federal Rule of Civil Procedure 17. Allen v. Calderon, 408 F.3d 1150, 1153 (9th Cir. 2005). Rule 17(c) states that "[t]he court must appoint a guardian ad litem-or issue another appropriate order-to protect a minor or incompetent person who is unrepresented in an action." The Ninth Circuit has held a party "is entitled to a Rule 17 competency determination when substantial evidence of incompetence is presented." Allen, 408 F.3d at 1153. The decision whether to appoint a guardian ad litem is "left to the sound discretion the trial court." Davis v. Walker, 745 F.3d 1303, 1310 (9th Cir. 2014). Although the procedure for determining competency is determined by federal law, the substantive standard for competency is taken from state law where plaintiff is domiciled. See In re County of Orange, 784 F.3d 520, 523-24 (9th Cir. 2015); Fed. R. Civ. P. 17(b)(1). Under California law, a party is incompetent "if he or she lacks the capacity to understand the nature or consequences of the proceeding, or is unable to assist counsel in the preparation of the case." Golden Gate Way, LLC v. Stewart, Case No. 09-cv-04458 DMR, 2012 WL 4482053, at *2 (N.D. Cal. Sept. 28, 2012) (citation omitted).

In considering plaintiff's motions for a GAL, the court notes that plaintiff is no longer in custody at the Department of State Hospitals. A review of the Yolo County Superior Court docket further indicates that plaintiff has been deemed competent to stand trial and has a jury trial scheduled for June 23, 2025 on his state criminal charges.[1] In the present action, plaintiff has been able to successfully complete the in forma pauperis application without the assistance of a

---

[1] See People v. Bennett, No. CR2023-0488 (Yolo County Superior Court), available at https://portal-cayolo.tylertech.cloud/Portal/Home/WorkspaceMode?p=0. This court takes judicial notice of this state court docket. See Porter v. Ollison, 620 F.3d 952, 954-55 (9th Cir. 2010) (finding judicial notice is appropriate for state court dockets and pleadings that are available on the internet).

GAL. Based on the current state of the record, the undersigned finds that there is not substantial evidence to demonstrate that plaintiff is currently incompetent to proceed pro se. He has demonstrated his understanding of the nature of the present § 1983 action by raising constitutional issues in his complaint, and he has completed court forms without the assistance of a guardian ad litem. Therefore, the undersigned recommends denying plaintiff's motions for the appointment of a guardian ad litem.

### III. Allegations in the Complaint

In his complaint, plaintiff challenges the Monroe Detention Center's policy that denies "equal access to educational, religious, and mental health material" on the tablet computers provided to inmates. Plaintiff specifically alleges that the incentive program to earn free music on the tablets requires him to listen and watch Christian rap music videos and educational courses. As plaintiff is not religious, he contends that this violates his First Amendment right to freedom of religion and his Fourteenth Amendment right to equal protection as a pretrial detainee. He further alleges that the jail policy is discriminatory because there are no free educational or religious programs on the tablets that are not Christian based. Based on his mental health disability, plaintiff contends that the jail policy also amounts to a violation of the Americans With Disabilities Act ("ADA") because he needs educational programs on the tablets to maintain his mental health.

Plaintiff sues Via Path Technologies, Touch Pay Online.com, Gettingout.com, Google, the Monroe Detention Center, the California Department of Corrections and Rehabilitation ("CDCR"), and Real Life Ministries. Plaintiff indicates that Google, Via Path Technologies, and Touch Pay Online.com are the contractors responsible for the tablet program used at the Monroe Detention Center.

In a pleading labeled as a "supplemental complaint," plaintiff seeks to add a defendant to this action. ECF No. 14. Plaintiff asserts that the rapper Drake conspired with Via Path Technologies to violate his constitutional rights. ECF No. 14.

/////

/////

### IV. Legal Standards

#### A. 42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." Devereaux v. Abbey, 263 F.3d 1070, 1074 (9th Cir. 2001). "Persons" who may be sued under Section 1983 are "state and local officials sued in their individual capacities, private individuals and entities which acted under color of state law, and local governmental entities." Vance v. Cty. of Santa Clara, 928 F. Supp. 993, 995-96 (N.D. Cal. 1996).

#### B. Linkage Requirement

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

#### C. Monell Liability

Municipalities cannot be held vicariously liable under § 1983 for the actions of their employees. Monell v. Dep't of Social Services, 436 U.S. 585 at 691, 694 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694. Municipalities are considered "persons" under 42 U.S.C. § 1983 and therefore may be liable for causing a constitutional deprivation. Monell, 436 U.S. 658, 690 (1978); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). To properly plead a Monell claim based on an unconstitutional custom,

practice, or policy, plaintiff must demonstrate that (1) he possessed a constitutional right of which he was deprived; (2) the municipality had a policy; (3) such policy amounts to deliberate indifference to plaintiff's constitutional right; and (4) the policy is the moving force behind the constitutional violation. See Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997). The municipal policy at issue must be the result of a "'longstanding practice or custom which constitutes the standard operating procedure of the local government entity.'" Price v. Sery, 513 F.3d 962, 966 (9th Cir. 2008) (quoting Ulrich v. City & Cnty. of San Francisco, 308 F.3d 968, 984-85 (9th Cir. 2002)). The proper defendant in a Monell action is the municipal entity itself and not the specific county agency or department that implemented the policy at issue. See Vance v. Cty. Of Santa Clara, 928 F.Supp. 993, 996 (N.D. Cal. 1996).

### D.    First Amendment Establishment Clause

"The Establishment Clause, unlike the Free Exercise Clause, does not depend upon any showing of direct governmental compulsion and is violated by the enactment of laws which establish an official religion whether those laws operate directly to coerce nonobserving individuals or not." Engel v. Vitale, 370 U.S. 421, 430 (1962). In determining whether a challenged government law violates the Establishment Clause, courts review "whether the challenged law or conduct has a secular purpose, whether its principal or primary effect is to advance or inhibit religion, and whether it creates an excessive entanglement of government with religion." Lynch v. Donnelly, 465 U.S. 668, 679 (1984) (citation omitted).

### E.    Equal Protection

The Fourteenth Amendment's Equal Protection Clause requires the State to treat all similarly situated people equally. City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (citation omitted). "To state a claim for violation of the Equal Protection Clause, a plaintiff must show that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (citing Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)). Alternatively, a plaintiff may state an equal protection claim if he shows similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate government

purpose. Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (per curiam) (citations omitted). As it relates to the practice of religion, a prisoner must be provided with "a reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts." Cruz v. Beto, 405 U.S. 319, 322 (1972) (per curiam).

### V.     Analysis

The court has reviewed plaintiff's complaint and finds that it fails to state a claim upon which relief can be granted under federal law. Plaintiff has not identified a proper defendant in this action. First, the Monroe Detention Center is not a proper party. A local jail is not a "person" subject to suit under Section 1983. See Powell v. Cook Cty. Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993). To the extent that plaintiff identifies CDCR as a defendant, he does not link this state agency to any of the asserted constitutional violations because he is not a state prisoner. The remaining named defendants are not the governmental entity responsible for the creation of the jail's policy concerning tablet usage. As a result, they are not the proper defendant in a Monell action challenging the jail's policy that led to an alleged violation of plaintiff's constitutional rights. For all these reasons, plaintiff's complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, in his amended complaint, plaintiff must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375

F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motions for leave to proceed in forma pauperis (ECF Nos. 11, 13) are granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint."

5. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

6. The request to seal plaintiff's mental health records (ECF No. 15) is granted.

7. The Clerk of Court shall file plaintiff's mental health records from the Monroe Detention Center under seal and *nunc pro tunc* to January 30, 2025 when they were electronically submitted to the court.

IT IS FURTHER RECOMMENDED that plaintiff's motions to appoint guardian ad litem (ECF Nos. 9, 10) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 28, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

Th/benn0769.14+motions