s

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BENNETT, | No.  2:24-cv-0769-TLN-CKD P |
| Plaintiff, | |
| v. | ORDER |
| VIA PATH TECHNOLOGIES, et al., | |
| Defendants. | |

Plaintiff is a pretrial detainee who initiated this case while housed at the Monroe Detention Center in Yolo County, California. Plaintiff's original complaint challenged a jail policy regarding tablet computers provided to inmates as violating his constitutional rights under 42 U.S.C. § 1983 and the Americans with Disabilities Act. (ECF No. 1.) By order filed May 29, 2025, plaintiff's complaint was dismissed and leave to file an amended complaint was granted. (ECF No. 16.) Plaintiff's motion styled as "Motion for Preliminary Injunction Protective Order and Warrant and Bankruptcy Joinder with this Case…" is now before the court. (ECF No. 25.)

Plaintiff's filing is not a motion, but rather, a commentary on various matters that do not appear to have any connection with the events underlying any potential claims plaintiff may have in this case. Even under the most liberal standards, the court cannot construe the filing as a motion for injunctive relief. The court cannot discern what relief plaintiff seeks through a preliminary injunction or otherwise. Plaintiff also does not address any of the elements required

1

to seek injunctive relief.[1]

Moreover, plaintiff has not stated any potentially cognizable claims in this action. Plaintiff has not filed an amended complaint for screening under 28 U.S.C. § 1915A(b) and no defendant has been served with process. A federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). Until defendants have been served with process, this court lacks personal jurisdiction over them and may not enjoin or restrain them through a preliminary injunction in this case. See Fed. R. Civ. P. 65(d)(2); Murphy Bros, Inc., 526 U.S. at 350.

Accordingly, because plaintiff's filing is insufficient to be construed as a motion for injunctive relief, plaintiff's motion styled as "Motion for Preliminary Injunction Protective Order and Warrant and Bankruptcy Joinder with this Case…" (ECF No. 25) is DENIED without prejudice.

Dated:  January 26, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 benn0769.25

---

[1] "A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). To qualify for injunctive relief, plaintiff must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood that he will suffer irreparable harm without an injunction; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. Id. at 20. A deficiency in any element precludes relief. Id. at 23.

2